UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 16-mc-50669

DEMARCO TEMPO,                  Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## TEMPO'S MOTIONS (ECF NOS. 42 & 43) AS MOOT

This Miscellaneous Case (Case No. 16-mc-50669) was opened after the United States sought various search warrants in connection with a criminal investigation. This Miscellaneous Case was originally assigned to the Honorable David M. Lawson. Thereafter, Judge Lawson issued various orders over the course of about two years, many which were sealed.

Judge Lawson was later assigned a multi-defendant criminal case related to that miscellaneous case – Criminal Case Number 16-20414.

The undersigned judge, however, ultimately proceeded over Defendant Demarco Tempo's criminal jury trial in Criminal Case Number 16-20414. In that jury trial, Tempo was convicted of various drug charges. Tempo filed a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed Tempo's convictions and sentence on January 21, 2022. *United States v. Sadler,* 24 F.4th 515 (6th Cir. 2022).

On September 20, 2023, filed a *pro se* "Motion For Limited Unsealing Of Documents" and a request for documents, in this Miscellaneous Case. (ECF Nos. 42 & 43). Although the undersigned judge did not preside over this Miscellaneous Case while the orders in it were

sought and issued, the Miscellaneous Case was reassigned to the undersigned judge, at the Government's request, due to its belief that Tempo was going to file a § 2255 Motion before this Court and the documents sought would relate to that filing.

As anticipated, Tempo then filed a *pro se* Motion to Vacate Under 28 U.S.C. § 2255 (*see* Criminal Case No. 16-20414 and Civil Case No. 23-12532). Tempo has also requested, and obtained, materials for his § 2255 motion in that case. (*See, eg*, ECF No. 877 relating to Tempo obtaining case file from defense counsel, and ECF No. 903, unsealing requested transcript and having Government provide a copy to Tempo).

Despite this Court's unfamiliarity with the orders issued in this case, and the sparsity of Tempo's motions seeking documents and/or the unsealing of same, this Court has issued several orders in an attempt to provide Tempo with any documents that may relevant to his § 2255 Motion filed on October 6, 2023, and that may be appropriately unsealed and/or provided to Tempo.

Tempo's filings in this Miscellaneous Case, and his § 2255 Motion filed in Criminal Case Number 16-20414/Civil Case No.l 13-12532, reflect that Tempo already has copies of nearly all of the documents he sought in the pending motions in this Miscellaneous Case. And the Government persuasively argues that Tempo's motion should be denied as moot under the circumstances presented here:

> The government still submits that Demarco Tempo's June 2023 request for production of certain search warrant documents can be denied as moot. In his reply, he appears to have acknowledged that he in fact has copies of nearly all the documents. ECF No. 50, Page ID.803-804. And he did not respond at all to the government's argument that the request is moot because his § 2255 motion has already been filed, despite this Court's order to do so. ECF No. 49, PageID.799.
> First, of the documents he requested, Tempo appears to have anything that could matter at this stage. Indeed, he filed portions of the residential search

> warrant affidavit (the subject of his requests C through F) with his § 2255 motion. ECF No. 893, Ex. 17-18. And his § 2255 filing includes the search warrant that is the subject of his request A. ECF No. 893, Ex. 16.
>
> He claims he does not have two of the residential search warrants, nor does he have the returns from any of the search warrants. ECF No. 50, PageID.803-804. But the residential warrants at 16-mc-50669-2 through 16-mc-50669-5 were all based on the same affidavit, which Tempo does clearly have. The affidavit lists all the search locations, and reports of the searches were provided.
>
> Search warrant returns are not typically provided in discovery, and counsel for the United States does not presently have any returns in his possession. In any event, those documents can serve no purpose in these proceedings. The filing of returns is a technical requirement in Rule 41 of the Federal Rules of Criminal Procedure, and any failures or defects in meeting that requirement have no effect on the admissibility of the evidence seized. *See United States v. Dudek*, 530 F.2d 684, 688 (6th Cir. 1976) (collecting cases).
>
> Second, Tempo failed to explain to the Court how the documents he claims to be missing could in any way be relevant to any current proceeding. His § 2255 motion was filed in October, and his supplemental memorandum of law (including some of the documents he requested in June) was filed later that same month. None of the grounds for that motion appear to relate to search warrant returns or the two residential searches for which he cannot locate the warrants.

(ECF No. 52 at PageID.810-12).

This Court agrees that, under the circumstances presented here, that Tempo's motions in this case are moot. Accordingly, the Court **ORDERS** that Tempo's motions are **DENIED AS MOOT.**

**This Order concludes this Miscellaneous Case.**

**IT IS SO ORDERED**.

                                                            s/Sean F. Cox
                                                            Sean F. Cox
                                                            United States District Judge

Dated:  April 19, 2024